## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TEXOR, INC., | ) | Case No. 05-63888 |
| | ) | |
| Debtor. | ) | Honorable Judge Bruce W. Black |
| | ) | |

### FINAL DECREE AND ORDER CLOSING CASE

Upon the motion dated December 14, 2007 (the "Motion"), wherein The Orius

Liquidation Trust (the "Trust"), by and through Lori Lapin Jones, not individually but solely in

her capacity as Trustee of the Orius Liquidation Trust, moved this Court for a Final Decree and

Order pursuant to 11 U.S.C. § 350(a) and Federal Rule of Bankruptcy Procedure 3022 closing,

*inter alia*, the chapter 11 case Texor, Inc. ("Texor"); it appearing to the Court that (i) it has

jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this

is a core proceeding pursuant to 28 U.S.C. § 156(b)(2); (iii) the relief requested in the Motion is

in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and (v) upon

the record herein after due deliberation thereon, that the Motion should be granted as set forth

below:

1.    The Court hereby enters this Final Decree and Order ordering that the liquidation

case of Texor be and hereby is closed.  Accordingly, the case Texor, Inc. (Case No. 05-63888) is

hereby closed.

2.    Nothing contained herein or in the Motion shall be construed as the Trust's abandonment of any Transferred Asset (as defined in the Motion). All Transferred Assets shall remain vested in the Trust, notwithstanding the entry of this Order. This court shall retain sole jurisdiction to the full extent that retention thereof is legally permissible for all purposes set forth in sections 12.1(a) through 12.1(q) of the Plan.

Dated: Chicago, Illinois
    _MARCH 27_, 2008

_____
United States Bankruptcy Judge